**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION**

| | | |
|---|---|---|
| ACCORDIUS HEALTH AT ASHEVILLE LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:23-cv-00129-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| ACCORDIUS HEALTH AT BREVARD LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:23-cv-00130-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| ACCORDIUS HEALTH AT CHARLOTTE LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 3:23-cv-00289-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

ACCORDIUS HEALTH AT
HENDERSONVILLE LLC,

               Plaintiff,

               v.                    Case No. 1:23-cv-00131-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

               Defendants.

ACCORDIUS HEALTH AT
MIDWOOD LLC,

               Plaintiff,

               v.                    Case No. 3:23-cv-00290-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

               Defendants.

ACCORDIUS HEALTH AT
MONROE LLC,

               Plaintiff,

               v.                    Case No. 3:23-cv-00291-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

               Defendants.

2

|  |  |  |
|---|---|---|
| ACCORDIUS HEALTH AT MOORESVILLE LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 5:23-cv-00065-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| ACCORDIUS HEALTH AT STATESVILLE LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 5:23-cv-00066-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |
| ACCORDIUS HEALTH AT WILKESBORO LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 5:23-cv-0068-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

CAROLINA PINES AT
ASHEVILLE LLC,

           Plaintiff,

           v.                Case No. 1:23-cv-00132-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

           Defendants.

PELICAN HEALTH AT
RANDOLPH LLC,

           Plaintiff,

           v.                Case No. 3:23-cv-00293-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

           Defendants.

ACCORDIUS HEALTH AT
BAY POINTE LLC,

           Plaintiff,

           v.                Case No. 1:23-cv-00226-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

           Defendants.

|  |  |  |
|---|---|---|
| ACCORDIUS HEALTH AT CONCORD LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:23-cv-00234-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| ACCORDIUS HEALTH AT GREENSBORO LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:23-cv-00237-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| ACCORDIUS HEALTH AT LYNCHBURG LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. 1:23-cv-00263-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| ACCORDIUS HEALTH AT RIVER POINTE LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:23-cv-00222-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| ACCORDIUS HEALTH AT ROSE MANOR LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:23-cv-00236-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| ACCORDIUS HEALTH AT WILSON LLC, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:23-cv-00244-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) | |
| Defendants. | ) ) | |

ACCORDIUS HEALTH AT
WINSTON SALEM LLC,

               Plaintiff,

               v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

               Defendants.

Case No. 1:23-cv-00233-MR

---

ANDERSON SC OPCO
LLC,

               Plaintiff,

               v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

               Defendants.

Case No. 1:23-cv-00230-MR

---

CAROLINA PINES AT
GREENSBORO LLC,

               Plaintiff,

               v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

               Defendants.

Case No. 1:23-cv-00235-MR

7

COVINGTON TN OPCO
LLC,

                Plaintiff,

                v.                Case No. 1:23-cv-00228-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

                Defendants.

---

FARTHING MAYFIELD KY
OPCO LLC,

                Plaintiff,

                v.                Case No. 1:23-cv-00255-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

                Defendants.

---

GREENVILLE KY OPCO
LLC,

                Plaintiff,

                v.                Case No. 1:23-cv-00252-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

                Defendants.

---

8

|  |  |  |
|---|---|---|
| HOPKINSVILLE KY OPCO LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00256-MR |
| | ) | |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

|  |  |  |
|---|---|---|
| KNOXVILLE OPCO LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00241-MR |
| | ) | |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

|  |  |  |
|---|---|---|
| LEITCHFIELD KY OPCO LLC, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:23-cv-00253-MR |
| | ) | |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

9

LOUDON OPCO
LLC,

        Plaintiff,

        v.          Case No. 1:23-cv-00240

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

        Defendants.

---

MADISONVILLE HEALTH
AND REHABILITATION LLC,

        Plaintiff,

        v.          Case No. 1:23-cv-00254-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

        Defendants.

---

MARYVILLE FAIRPARK
OPCO LLC,

        Plaintiff,

        v.          Case No. 1:23-cv-00231-MR

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

        Defendants.

10

MARYVILLE JAMESTOWN
OPCO LLC,

        Plaintiff,

        v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

        Defendants.

Case No. 1:23-cv-00247

MAYFIELD KY OPCO
LLC,

        Plaintiff,

        v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

        Defendants.

Case No. 1:23-cv-00251-MR

MOUNT PLEASANT TN OPCO
LLC,

        Plaintiff,

        v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

        Defendants.

Case No. 1:23-cv-00264-MR

PADUCAH CENTER FOR HEALTH
AND REHABILITATION LLC,

        Plaintiff,

        v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

        Defendants.

Case No. 1:23-cv-00257-MR

---

PELICAN HEALTH REIDSVILLE
LLC,

        Plaintiff,

        v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

        Defendants.

Case No. 1:23-cv-00239-MR

---

PELICAN HEALTH
THOMASVILLE LLC,

        Plaintiff,

        v.

UNITED STATES SMALL
BUSINESS ADMINISTRATION,
*et al.*,

        Defendants.

Case No. 1:23-cv-00238-MR

---

12

|  |  |
|---|---|
| PRINCETON KY OPCO LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:23-cv-00258-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |
| RED BOILING SPRINGS TN OPCO LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 1:23-cv-00267-MR |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) |
| Defendants. | ) ) ) |

## DEFENDANTS' ANSWER

Defendants United States Small Business Administration ("SBA"), Isabella Casillas Guzman, in her official capacity as Administrator of the SBA, Janet Yellen, in her official capacity as Secretary of the Treasury of the United States, and the United States of America (collectively, "Defendants"), respectfully submit the following consolidated answer to the individual complaints filed in the above-captioned actions (collectively, the "Complaints"). The Complaints' allegations are identical except for details such as the names and locations of the respective Plaintiffs, dates pertaining to the Plaintiffs' applications for and receipt of the

13

Paycheck Protection Program ("PPP") loans at issue in each case, the loan numbers and amounts, the names of Plaintiffs' lenders, dates pertaining to the Plaintiffs' applications for loan forgiveness, and dates pertaining to the Plaintiffs' appeals with SBA's Office of Hearings and Appeals. Accordingly, the affirmative defenses and the responses given in the numbered paragraphs below apply equally to each of the Complaints and their correspondingly numbered paragraphs.

## FIRST DEFENSE

The Complaint fails to state claims upon which relief can be granted.

## SECOND DEFENSE

The relief Plaintiffs seek is barred by sovereign immunity.

Defendants answer below the numbered paragraphs of the Complaints:

1.      Paragraph 1 of the Complaints constitutes Plaintiffs' characterization of these actions, to which no response is required.

2-3.     Paragraphs 2 and 3 constitute Plaintiffs' characterization of the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) ("CARES Act"), to which the Court is respectfully referred for a full and accurate statement of its contents.

4-5.     Paragraphs 4 and 5 constitute Plaintiffs' characterization of the PPP, CARES Act § 1102, codified at 15 U.S.C. § 636(a)(36) and (37), to which the Court is respectfully referred for full and accurate statements of their contents.

6.      Paragraph 6 constitutes Plaintiffs' characterization of CARES Act § 1106 and SBA, Business Loan Program Temporary Changes; Paycheck Protection

14

Program, Interim Final Rule, 85 Fed. Reg. 20,811(Apr. 15, 2020), to both of which the Court is respectfully referred for full and accurate statements of their contents.

7.     Paragraph 7 constitutes Plaintiffs' characterizations of the Paycheck Protection Program and Health Care Enhancement Act, Pub. L. No. 116-139, 134 Stat. 620 (2020); the Paycheck Protection Program Flexibility Act, Pub. L. No. 116–142, 134 Stat. 641 (2020); Pub. L. No. 116-147, 134 Stat. 660 (2020); and the Consolidated Appropriations Act, 2021 ("CAA 2021"), Pub. L. No. 116-260, Div. N, Title III, 134 Stat. 1182, 1993 (2020) (Division N also referred to as the "Economic Aid Act"), to all of which the Court is respectfully referred for full and accurate statements of their contents.

8.     Paragraph 8 constitutes Plaintiffs' characterization of the CARES Act, to which the Court is respectfully referred for a full and accurate statement of its contents.

9-10.   Paragraphs 9-10 constitute Plaintiffs' characterizations of the four pieces of legislation referred to in paragraph 7, to all of which the Court is respectfully referred for full and accurate statements of their contents.

11-13.  Paragraphs 11-13 constitute Plaintiffs' characterization of SBA, Business Loan Program Temporary Changes; Paycheck Protection Program-Requirements-Corporate Groups and Non-Bank and Non-Insured Depository Institution Lenders, Interim Final Rule, 85 Fed. Reg. 26,324 (May 4, 2020) (the "Corporate Group Rule"), to which the Court is respectfully referred for a full and accurate statement of its contents.

14.    Admit.

15.     Admit, except to note that the loan issued to plaintiff Accordius Health at River Pointe was approved on March 24, 2021, not March 23, as alleged.

16.     Admit.

17.     Paragraph 17 constitutes Plaintiffs' characterization of SBA's decisions denying Plaintiffs' applications for forgiveness of their PPP loans, to which the Court is respectfully referred for a full and accurate statement of their contents.

18.     Admit.

19.     Admit, except to note that the following Plaintiffs filed appeals from SBA's loan-forgiveness decisions to SBA's Office of Hearings and Appeals ("OHA") on December 6, 2022, rather than December 7, as alleged: Accordius Health at Asheville LLC, Accordius Health at Bay Pointe LLC, Accordius Health at Brevard LLC, Accordius Health at Charlotte LLC, Accordius Health at Concord LLC, Accordius Health at Greensboro LLC, Accordius Health at Hendersonville LLC, Accordius Health at Lynchburg LLC, Accordius Health at Midwood LLC, Accordius Health at Monroe LLC, Accordius Health at Mooresville LLC, Accordius Health at River Pointe LLC, Accordius Health at Rose Manor LLC, Accordius Health at Statesville LLC, Accordius Health at Wilkesboro LLC, Accordius Health at Wilson LLC, and Accordius Health at Winston Salem LLC.

20.     Paragraph 20 constitutes Plaintiffs' characterization of their appeal petitions seeking OHA review of SBA's decisions denying their applications for loan forgiveness.  The Court is respectfully referred to Plaintiffs' petitions for a full and accurate statement of their contents.

16

21.     Admit that the motion to consolidate the OHA appeals of the 38 Plaintiffs in the above-captioned cases was filed on December 22, 2022.  The motion to consolidate the OHA appeals of the other ten companies in Plaintiffs' corporate group seeking review of SBA's loan-forgiveness decisions was filed on December 23, 2022.

22.     Admit.

23.     Paragraph 23 constitutes Plaintiffs' characterization of SBA's response to Plaintiffs' appeal petitions, as submitted to the OHA Administrative Law Judge before whom Plaintiffs' appeals had been consolidated.  SBA's response is a matter of record to which the Court is respectfully referred for a full and accurate statement of its contents.

24-37.  Paragraphs 24-37 constitute Plaintiffs' characterization of the initial decision by the OHA Administrative Law Judge affirming SBA's decisions denying Plaintiffs' applications for loan forgiveness, which is a matter of record and to which the Court is respectfully referred for a full and accurate statement of its contents.

38.     Paragraph 38 constitutes Plaintiffs' characterization of their petition for reconsideration of the initial decision by the OHA Administrative Law Judge, which is a matter of record and to which the Court is respectfully referred for a full and accurate statement of its contents.

39.     Paragraph 39 constitutes Plaintiffs' characterization of SBA's response their petition for reconsideration of the initial decision by the OHA Administrative Law Judge.  SBA's response is a matter of record, to which the Court is respectfully referred for a full and accurate statement of its contents.

17

40-41. Paragraphs 40 and 41 constitute Plaintiffs' characterization of the decision by the OHA Administrative Law Judge denying Plaintiff's petition for reconsideration and affirming his initial decision. The reconsideration decision by the OHA Administrative Law Judge is a matter of record, to which the Court is respectfully referred for a full and accurate statement of its contents.

42. Defendants lack sufficient information and knowledge, and Plaintiffs' use of the phrase "separate and distinct" is too vague and ambiguous, for Defendants to form a belief as to the truth or falsity of paragraph 42.

43. Admit that the administrative record of these matters before SBA contains no information suggesting that Plaintiffs themselves are holding or parent companies. Otherwise, Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of paragraph 43.

44. Paragraph 44 states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

45. As to paragraph 45, admit that the administrative record of these matters before SBA reflects that Simcha Hyman and Naftali Zanziper each holds a 50-percent membership interest in each of the 38 Plaintiff companies in the above-captioned actions, as well as ten other companies to which SBA also denied loan forgiveness based on the Corporate Group Rule, referenced above. Otherwise, Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of paragraph 45.

46. Paragraph 46 states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

18

47.    As to paragraph 47, admit that the administrative record of these matters before SBA reflects that Simcha Hyman and Naftali Zanziper each holds a 50-percent membership interest in each of the 38 Plaintiff companies in the above-captioned actions, as well as ten other companies to which SBA also denied loan forgiveness based on the Corporate Group Rule, referenced above. Admit also that the EINs listed for the Plaintiffs and the other ten companies are consistent with SBA's records, except to note that the EIN listed for Plaintiff Accordius Health at Midwood does not match SBA's records.

48.    Paragraph 48 states conclusions of law to which no response is required, but to the extent a response is deemed necessary, they are denied.

49.    Admit that the administrative record of these matters before SBA contains no information suggesting that Plaintiffs have been owned at any time by a corporation.  Otherwise, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegation that none of the Plaintiffs "was owned at any time by a corporation."  Paragraph 49 otherwise states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

50.    Admit that Plaintiffs' lenders recommended approval of Plaintiffs' applications for loan forgiveness.  Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of the allegation that Plaintiffs' lenders reviewed "information relating to the 'common parent' issue[.]"

51.    Admit that the information contained in paragraph 47, as to each individual Plaintiff, should have been contained in the PPP loan application

19

submitted by each Plaintiff to its lender, with the exception of the erroneous EIN for Plaintiff Accordius Health at Midwood, as noted above.

52. Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegation in paragraph 52.

53. Admit that some Plaintiffs filed their OHA appeals from SBA's loan-forgiveness decisions on December 7, 2022, but note that the Plaintiffs listed in paragraph 19, above, filed their appeals on December 6, 2022. However, Defendants lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegation in paragraph 53 that Plaintiffs' appeals were timely, because they lack sufficient information and knowledge to form a belief as to the truth or falsity of the allegation in paragraph 52 regarding the date on which Plaintiffs received copies of SBA's decisions from their lenders.

54. Admit.

55. Admit.

56. Admit.

57. Deny that Plaintiffs Accordius Health at Wilson; Anderson SC Opco; Farthing Mayfield KY Opco; Greenville KY Opco, Hopkinsville KY Opco; Leitchfield KY Opco; Madisonville Health and Rehabilitation; Maryville Fairpark Opco; Maryville Jamestown Opco; Mayfield KY Opco; Mount Pleasant TN Opco; Paducah Center for Health and Rehabilitation; Pelican Health Randolph; Pelican Health Reidsville; Pelican Health Thomasville; and Red Boiling Springs TN Opco, are currently repaying their PPP loans. Otherwise, admit that the remaining Plaintiffs in the above-captioned cases are currently repaying their PPP loans.

20

58.     Admit that the address given for each Plaintiff in paragraph 58 of the Complaints is consistent with the address given in each Plaintiff's PPP loan application, with the exception of Accordius Health at Asheville; Accordius Health at Brevard; Accordius Health at Charlotte; Accordius Health at Midwood; Accordius Health at Monroe; Accordius Health at Greensboro; Anderson SC Opco; Carolina Pines at Greensboro; Maryville Fairpark Opco; Mount Pleasant TN Opco; and Red Boiling Springs TN Opco.  The address given in the applications submitted by each of those Plaintiffs is 440 Sylvan Avenue, Suite 240, Englewood Cliffs New Jersey 07632.  Defendants otherwise lack sufficient knowledge or information to form a belief as to the truth or falsity of this paragraph.

59.     As to paragraph 59, admit that Defendant SBA is an independent Federal agency created by section 4(a) of the Small Business Act of 1958, Pub. L. No. 85-536, 72 Stat. 384 (1958), codified at 15 U.S.C. § 633(a).  Admit that the CARES Act assigns responsibility for administration of the PPP to SBA, although the Act delegates authority to authorized lenders to make and approve individual PPP loans, which are then guaranteed by SBA. 15 U.S.C. § 636(a)(36)(F)(ii)(I), (iii).

60.     Admit.

61.     Paragraph 61 states a conclusion of law to which no response is required.

62.     Admit.

63.     Paragraph 63 states a conclusion of law to which no response is required.  To the extent a response is deemed necessary, deny that Secretary Yellen is a proper Defendant to this case.

21

64.    Paragraph 64 states a conclusion of law to which no response is required.

65.    Admit.

66.    Paragraph 66 constitutes Plaintiffs' characterization of these actions, to which no response is required.

67.    Paragraph 67 states a conclusion of law to which no response is required.

68.    Paragraph 68 states a conclusion of law to which no response is required.

69.    The first sentence of paragraph 69 constitutes Plaintiffs' characterization of the CARES Act, to which the Court is respectfully referred for a full and accurate statement of its contents. The second sentence states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

70-79.  Paragraphs 70-79 state conclusions of law to which no response is required.

80.    Defendants incorporate by reference their responses to paragraphs 1-79 of the Complaints, as if fully set forth herein.

81-82. Paragraphs 81-82 state conclusions of law to which no response is required.

83.    Paragraph 83 states conclusions of law to which no response is required, but to the extent a response is deemed necessary, they are denied.

84-85.   Paragraphs 84 and 85 constitute Plaintiffs' characterizations of the CARES Act, to which the Court is respectfully referred for a complete and accurate statement of its contents.

86.     Paragraph 86 constitutes Plaintiffs' characterizations of the Corporate Group Rule, the CARES Act, and the Economic Aid Act, to all of which the Court is respectfully referred for complete and accurate statements of their contents.

87.     Paragraph 87 constitutes Plaintiffs' characterization of the Corporate Group Rule, to which the Court is respectfully referred for a complete and accurate statement of its contents.

88-89.   Paragraphs 88 and 89 state conclusions of law to which no response is required.

90.     The allegation that Defendants have violated the Administrative Procedure Act in implementing the Corporate Group Rule states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.  Otherwise, Defendants lack sufficient information or knowledge to form a belief as to the truth or falsity of paragraph 90.

91.     Paragraph 91 states a conclusion of law to which no response is required.

92.     Defendants incorporate by reference their responses to paragraphs 1-91 of the Complaints, as if fully set forth herein.

93-94. Paragraphs 93 and 94 state conclusions of law to which no response is required.

95.     Admit that SBA issued the Corporate Group Rule without following the APA's notice-and-comment rulemaking procedures, *see* 5 U.S.C. § 553(b), in accordance with the superseding provisions of 15 U.S.C. § 9012.

96.     Paragraph 96 states a conclusion of law to which no response is required, but to the extent a response is deemed necessary, it is denied.

97.     Defendants incorporate by reference their responses to paragraphs 1-96 of the Complaints, as if fully set forth herein.

98.     Admit that the Corporate Group Rule was the basis on which SBA relied in denying Plaintiffs' requests for loan forgiveness, but Defendants observe further that other grounds may exist on which to deny some or all of Plaintiffs' loan-forgiveness applications, either in whole or in part.

99.     Paragraph 99 constitutes Plaintiffs' characterization of the decisions by the OHA Administrative Law Judge denying Plaintiffs' appeal petition and their request for reconsideration.  The decisions issued by the OHA Administrative Law Judge are a matter of record, to which the Court is respectfully referred for a full and accurate statement of their contents.

100.    Paragraph 100 states a conclusion of law, to which no response is required, but to the extent a response is deemed necessary, it is denied.

101-102. Paragraphs 101 and 102 constitute Plaintiffs' characterization of the Corporate Group Rule, to which the Court is respectfully referred for a full and accurate statement of its contents.

103-104. Paragraphs 103 and 104 state conclusions of law, to which no response is required.

24

105.   Paragraph 105 constitutes Plaintiffs' characterizations of the Corporate Group Rule, SBA's response to Plaintiffs' appeal petitions, and the decisions issued by the OHA Administrative Law Judge, to all of which the Court is respectfully referred for full and accurate statements of their contents.

106-109. Paragraphs 106-109 (including ¶ 108 n.3) state conclusions of law, to which no response is required.

110.   Paragraph 110 states a conclusion of law, to which no response is required, but to the extent a response is deemed necessary, it is denied.

111-112. Paragraphs 111 and 112 constitute Plaintiffs' characterization of the Corporate Group Rule, to which the Court is respectfully referred for a full and accurate statement of its contents.

113.   Paragraph 113 constitutes contra-factual speculation and argument, to which no response is required.

114.   Paragraph 114 constitutes Plaintiffs' characterization of the Corporate Group Rule and 13 C.F.R. § 121.103, to both of which the Court is respectfully referred for full and accurate statements of their contents.

115.   Paragraph 115 constitutes Plaintiffs' characterization of 13 C.F.R. § 121.301, to which the Court is respectfully referred for a full and accurate statement of its contents.

116.   Paragraph 116 constitutes Plaintiffs' characterization of the Corporate Group Rule—to which the Court is respectfully referred for a full and accurate statement of its contents—and legal argument to which no response is required.

117-119. Paragraphs 117-119 state conclusions of law, to which no response is required.

120. Paragraph 120 states conclusions of law, to which no response is required, but to the extent a response is deemed necessary, they are denied.

121. Defendants incorporate by reference their responses to paragraphs 1-120 of the Complaints, as if fully set forth herein.

122-123. Paragraphs 122 and 123 state conclusions of law, to which no response is required, but to the extent a response is deemed necessary, they are denied.

The remainder of the Complaints constitutes a prayer for relief, to which no response is required. Defendants deny, however, that Plaintiffs are entitled to the relief prayed for, or to any relief whatsoever.

Defendants specifically deny any and all allegations of the Complaints not otherwise answered herein.

WHEREFORE, having fully answered, Defendants respectfully request that Plaintiffs' claims against them be dismissed, with prejudice, and that the Court award Defendants such other and further relief as this Court may deem just and proper.

Respectfully submitted, this the 30th day of October, 2023

DENA J. KING
UNITED STATES ATTORNEY

BRIAN M. BOYNTON
Principal Deputy Ass't Attorney General

JOHN R. GRIFFITHS
Director

s/*Gill P. Beck*
GILL P. BECK
ASSISTANT UNITED STATES
ATTORNEY
CHIEF, CIVIL DIVISION
N.C. Bar No. 13175
Room 233, US Courthouse
100 Otis Street
Asheville, NC 28801
Phone: 828-271-4661
Fax: 828-271-4327
E-Mail: gill.beck@usdoj.gov

s/*James J. Gilligan*
JAMES J. GILLIGAN, T.A. (DC #422152)
INDRANEEL SUR (DC #978017)

ATTORNEYS
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box 883, Ben Franklin Station
Washington, D.C. 20044

E-mail: james.gilligan@usdoj.gov
Telephone: (202) 514-3358
Fax: (202) 616-8470

*Counsel for Defendants*

27