# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION

| | |
|---|---|
| ACCORDIUS HEALTH AT ASHEVILLE LLC, | ) No. 1:23-cv-00129-MR-WCM ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, et al., | ) ) ) |
| Defendants. | ) ) |

**JOINT MOTION TO SEAL THE ADMINISTRATIVE RECORD PENDING REDACTION OF CONFIDENTIAL INFORMATION**

COME NOW the United States of America, on behalf of itself and the United States Small Business Administration ("SBA"), Isabella Casillas Guzman in her official capacity as Administrator of the SBA, and Janet Yellen in her official capacity as the Secretary of the United States Department of the Treasury (collectively, the Defendants), by and through Dena J. King, United States Attorney for the Western District of North Carolina, and Plaintiff Accordius Health at Asheville LLC, pursuant to Local Civil Rule 6.1 (LCvR 6.1) and Federal Rule of Civil Procedure Rule 5.2(d), and file this motion seeking leave to file under seal the consolidated administrative record applicable to this matter and the 47 related cases also pending before this Court.

The purpose of this request is to permit Plaintiffs' counsel time to redact confidential business and personal information contained in the record, including Social Security numbers, employer identification numbers (EINs), bank account

numbers, and personal contact information, after which the redacted record may be filed on the public record.

Counsel for the parties have conferred and jointly seek the relief requested herein.

For motions to seal, the Fourth Circuit requires a court to (1) determine the source of the public right of access to the documents to be sealed; (2) give the public notice of a request to seal and a reasonable opportunity to challenge it and consider less drastic alternatives to sealing; and (3) provide specific reasons and factual findings supporting its decision to seal the documents. *See, e.g., Stone v. Univ. of Md. Med. Sys. Corp.,* 855 F.2d 178, 179-80 (4th Cir. 1988). The Fourth Circuit has described the public right of access as follows:

> It is well settled that the public and press have a qualified right of access to judicial documents and records filed in civil and criminal proceedings. The right of public access springs from the First Amendment and the common-law tradition that court proceedings are presumptively open to public scrutiny. The distinction between the rights of access afforded by the common law and the First Amendment is significant, because the common law does not afford as much substantive protection to the interests of the press and the public as does the First Amendment. The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be rebutted only by showing that countervailing interests heavily outweigh the public interests in access. By contrast, the First Amendment secures a right of access only to particular judicial records and documents, and, when it applies, access may be restricted only if closure is necessitated by a compelling government interest and the denial of access is narrowly tailored to serve that interest. . . .

*Doe v. Pub. Citizen*, 749 F.3d 246, 265–66 (4th Cir. 2014) (internal citations omitted). "Regardless of whether the right of access arises from the First Amendment or the common law, it 'may be abrogated only in unusual

2

circumstances.'" *Virginia Dep't of State Police v. Washington Post,* 386 F.3d 567, 576 (4th Cir. 2004).

The Fourth Circuit has held that the public enjoys a qualified right of access under the First Amendment to court opinions on summary judgment, the materials a court relies on in adjudicating summary judgment motions, and documents filed in connection with plea and sentencing hearings. *Doe,* 749 F.3d at 267, 269. In contrast, the public does not necessarily have a First Amendment right of access to every document filed with the Court. *Rushford v. The New Yorker Magazine, Inc.,* 846 F.2d 249, 252-3 (4th Cir. 1988) (noting instances in which certain non-substantive filings like discovery materials should be kept under seal); *In re Policy Mgt. Sys. Corp.,* 67 F.3d 296, 1995 WL 541623 at *4 (4th Cir. 1995) (per curiam) (reversing decision to unseal documents and noting that documents become "judicial documents" warranting common law and First Amendment rights of access when a document is used in determining litigants' "*substantive* rights") (emphasis added); *see also Kolon Indus. Inc. v. E.I. DuPont de Nemours and Co.,* 2012 WL 1415641 at *5 (E.D. Va. Apr. 20, 2012) (upholding sealing of a motion to stay under First Amendment right of access analysis); *Kinetic Concepts, Inc. v. Convatec Inc.,* 2010 WL 1418312 at *6, 11 (M.D.N.C. Apr. 2, 2010) (analyzing Fourth Circuit authority to find that no public right of access attaches to items attached in support of discovery motion even under common law standard).

Additionally, Federal Rule of Civil Procedure Rule 5.2(e) provides that for good cause shown a court may authorize the redaction of confidential information from documents filed by a party.

3

In order to seal a document, Local Rule 6.1(c) provides that a motion to seal "must set forth:

    (1)    A non-confidential description of the material sought to be sealed;

    (2)    A statement indicating why sealing is necessary and why there are no alternatives to filing under seal;

    (3)    Unless permanent sealing is sought, a statement indicating how long the party seeks to have the material under seal and how the matter is to be handled upon unsealing; and

    (4)    Supporting statutes, case law, or other authority."

LCvR 6.1(c).

In this matter, each of the four requirements LCvR 6.1(c) supports sealing the consolidated administrative record, with the redacted record then filed on the Court's publicly available docket:

**(1)** **<u>Non-Confidential Description of the Material Sought to be Sealed</u>**.

The consolidated administrative record for this case and the 47 related cases also pending in this Court contains confidential business and personal information, such as Social Security numbers, employer identification numbers (EINs), bank account numbers, and personal contact information. Because the Court's Order of September 29, 2023 (Dkt. No. 16) requires that the consolidated administrative record be filed on or before this date, November 13, 2023, the Parties seek leave to file the record under seal, to provide Plaintiffs a reasonable opportunity to redact the confidential business and personal information contained therein. Thereafter, Defendants will file the record, as redacted by Plaintiffs, on the public record.

**(2)** **Why Sealing is Necessary**.  The consolidated administrative record includes Paycheck Protection Program ("PPP") loan applications, and loan-forgiveness applications, submitted to SBA by the 48 Plaintiffs with related cases pending before this Court, and by an additional 36 companies owned by the same two individuals who own those Plaintiffs.  Filing these documents under seal is necessary to protect confidential business and personal information contained therein, including Social Security numbers, EINs, bank account numbers, and personal contact information, from unwarranted public disclosure.  The need to protect such information from unnecessary public disclosure during the course of judicial proceedings is well recognized.  *See, e.g.,* Fed. R. Civ. P. 5.2(a) (mandating redactions to social-security numbers, taxpayer-identification numbers, and financial-account numbers in filings with a court); *see also id.* (advisory committee note to Rule 5.2).

There is no alternative to filing these PPP loan and loan-forgiveness applications under seal, because Plaintiffs' counsel require an additional, reasonable amount of time to review the documents (totaling nearly 1400 pages) to ensure that all confidential information of the kind described above is redacted before the documents are filed on the public record.

**(3)** **Permanent Sealing is Requested**.  Because redacted versions of the documents in question will be filed on the Court's public docket, permanent sealing of the unredacted documents is requested, subject to any protective order the Court may enter.  *See* LCvR 6.1(c)(3).

5

**(4)** **<u>Supporting statutes, case law, or other authority</u>**. Courts routinely allow parties to file documents containing sensitive business or personal information under seal, subject to submission of the documents on the public record with the confidential information of concern redacted. *See, e.g., Anderson v. Diamondback Inv. Grp., LLC*, 2023 WL 2503308, at *10 (M.D.N.C. Mar. 14, 2023) (permitting redaction of Plaintiff's social-security and telephone numbers from summary-judgment exhibit, while permanently sealing unredacted version of exhibit); *United States v. Avenatti*, 550 F. Supp. 3d 36, 54–55 (S.D.N.Y. 2021) (granting request to seal certain affidavits to provide defendant opportunity to redact sensitive information such as social-security numbers, dates of birth, financial-account numbers, and home addresses); *Schmidt v. IRS*, 533 F. Supp. 3d 952, 955 (E.D. Cal. 2020) (relying on Rule 5.2 to permit redaction of sensitive tax information from the complaint and its attachments); *Steele v. City of Burlington, Iowa*, 334 F. Supp. 3d 972, 985 (S.D. Iowa 2018) (permitting redactions of "sensitive identifying information" such as "birth dates, personal addresses, social security numbers" and "financial account numbers" before unsealing summary judgment records).

WHEREORE the United States of America, on behalf of the Defendants, and Plaintiff Accordius Health at Asheville LLC, jointly request that the Court grant this Motion to Seal pursuant to Local Civil Rule 6.1 (LCvR 6.1) and Rule 5.2(d) of the Federal Rules of Civil Procedure, and allow the sealing of the consolidated administrative in accordance with the proposed order submitted herewith.

Respectfully submitted this the 13th day of November, 2023.

**DENA J. KING**
UNITED STATES ATTORNEY

**s/GILL P. BECK**
ASSISTANT UNITED STATES ATTORNEY
NC Bar No. 13175
United States Attorney's Office
Room 233, U.S. Courthouse
100 Otis Street
Asheville, NC 28801
Tel: (828) 271-4661
Fax: (828) 271-4327
Email: Gill.Beck@usdoj.gov


/s/ Kirk G. Warner
Kirk G. Warner
N.C. State Bar No. 16238
kwarner@smithlaw.com
Jang H. Jo
N.C. State Bar No. 35686
jjo@smithlaw.com
SMITH, ANDERSON, BLOUNT,
DORSETT, MITCHELL &
JERNIGAN, L.L.P.
Post Office Box 2611
Raleigh, North Carolina 27602-2611
(919) 821-1220/Fax: (919) 821-6800

*LR 83.1 Counsel*

Joshua A. Klarfeld
(admitted *pro hac vice*)
Ohio State Bar No.(0079833)
jklarfeld@ulmer.com
ULMER & BERNE LLP
Cleveland, Ohio 44113-1406
(216) 583-7000/ Fax: (216) 583-7001

*Attorneys for Plaintiff*

7