IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00129-MR

| | |
|---|---|
| ACCORDIUS HEALTH AT ASHEVILLE LLC, ) ) ) Plaintiff, ) ) vs. ) ) UNITED STATES SMALL BUSINESS ) ADMINISTRATION, et al., ) ) Defendants. ) _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on the parties' Joint Motion to Seal the Administrative Record Pending Redaction of Confidential Information [Doc. 18].

By the present motion, the parties move for leave to file under seal the consolidated administrative record applicable to this matter and the 47 related cases also pending before this Court. [Doc. 18].

The press and the public have, under both the First Amendment and the common law, a qualified right of access to judicial documents and records filed in civil and criminal proceedings. Doe v. Public Citizen, 749 F.3d 246, 265 (4th Cir. 2014). "The common-law presumptive right of access extends to all judicial documents and records, and the presumption can be

rebutted only by showing that 'countervailing interests heavily outweigh the public interests in access.'" Id. at 265-66 (quoting in part Rushford v. New Yorker Magazine, Inc., 846 F.2d 249, 253 (4th Cir. 1988)). The First Amendment right of access "may be restricted only if closure is 'necessitated by a compelling government interest' and the denial of access is 'narrowly tailored to serve that interest.'" Id. at 266 (quoting in part In re Wash. Post Co., 807 F.2d 383, 390 (4th Cir. 1986)).

When presented with a motion to seal, the law of this Circuit requires this Court to: "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." Ashcraft v. Conoco, Inc., 218 F.3d 288, 302 (4th Cir. 2000).

In the present case, the public has been provided with adequate notice and an opportunity to object to the parties' motion. The motion was filed on November 13, 2023, and it has been accessible to the public through the Court's electronic case filing system since that time. Further, the parties have demonstrated that the consolidated administrative record contains confidential business and personal information, such as Social Security

numbers, employer identification numbers, bank account numbers, and personal contact information, and that the public's right of access to such information is substantially outweighed by the compelling interest in protecting the details of such information from public disclosure. Finally, having considered less drastic alternatives to sealing the documents, the Court concludes that the sealing of the consolidated administrative record, along with the filing of a redacted version of that record on the public docket, is narrowly tailored to serve the interest of protecting this sensitive information.

**IT IS, THEREFORE, ORDERED** that the parties' Joint Motion to Seal the Administrative Record Pending Redaction of Confidential Information [Doc. 18] is **GRANTED**, and the consolidated administrative record shall be filed under seal and shall remain under seal pending further Order of this Court.

**IT IS FURTHER ORDERED** that the parties shall file a redacted version of the consolidated administrative record on the public docket of this action no later than **November 30, 2023**.

**IT IS SO ORDERED.**

Signed: November 16, 2023

Martin Reidinger
Chief United States District Judge