## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## ASHEVILLE DIVISION
## CIVIL CASE NO. 1:23-cv-00129-MR

| | | |
|---|---|---|
| ACCORDIUS HEALTH AT ASHEVILLE, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | **MEMORANDUM OF DECISION AND ORDER** |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, ISABELLA CASILLAS GUZMAN, JANET YELLEN, and THE UNITED STATES OF AMERICA, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the American Hotel & Lodging Association's Motion for Leave to File *Amicus Curiae* Brief [Doc. 37] and the Defendants' Motion for Leave to File a Response to Brief of the American Hotel & Lodging Association as *Amicus Curiae* [Doc. 39].

## I. PROCEDURAL BACKGROUND

This case, a consolidated action of 48 cases, was originally filed on May 16, 2023, by Plaintiff Accordius Health at Asheville, LLC, against Defendants United States Small Business Administration; Isabella Casillas Guzman, in her official capacity as Administrator of the Small Business

Administration (the "Administrator"); Janet Yellen, in her official capacity as United States Secretary of Treasury; and the United States of America (collectively, "Defendants"), pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 500, et. seq, seeking judicial review of a final agency action. [Doc. 1]. These actions arise out of the Defendants' denial of the Plaintiffs' applications for forgiveness of Paycheck Protection Program ("PPP") loans. [Id.]. Specifically, the Plaintiffs seek relief under 5 U.S.C. § 706(2)(C), alleging that the denial of Plaintiffs' applications for loan forgiveness, under the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), 15 U.S.C. §§ 9001, et seq., was "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(C); [Doc. 1 at ¶ 81].

The parties have now filed cross motions for summary judgment. [Docs. 32, 34]. On April 5, 2024, the American Hotel & Lodging Association ("AHLA") filed a Motion for Leave to file an *Amicus* Brief in support of the Plaintiffs. [Doc. 37]. AHLA represents in their Motion that the parties both consent to the filing.[1] [Id. at 4]. On April 26, 2024, the Defendants filed a Motion for Leave to file a response to said brief. [Doc. 39].

---

[1] The Defendants' consent was conditioned on the AHLA and Plaintiffs' consent to the Defendants filing, no later than April 26, a motion for leave to submit a response. [Doc. 37 at 4].

This matter is now ripe for disposition.

## II.   DISCUSSION

"Since an *amicus* does not represent the parties but participates only for the benefit of the court, it is solely within the discretion of the court to determine the fact, extent, and manner of participation by the *amicus*." Alexander v. Hall, 64 F.R.D. 152, 155 (D.S.C. 1974). As there is no Federal Rule of Civil Procedure that applies to motions for leave to appear as amicus curiae in a federal district court, district courts have discretion whether to grant or deny such leave. Am. Humanist Ass'n v. Maryland-Nat'l Cap. Park & Plan. Comm'n, 303 F.R.D. 266, 269 (D. Md. 2014). "At the trial level, where issues of fact as well as law predominate, the aid of *amicus curiae* may be less appropriate than at the appellate level where such participation has become standard procedure." Yip v. Pagano, 606 F. Supp. 1566, 1568 (D.N.J. 1985), aff'd, 782 F.2d 1033 (3d Cir. 1986), cert. denied, 476 U.S. 1141 (1986).

At the appellate level, the Federal Rules prescribe that a motion for leave to file should include "the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3)(B). The Supreme Court's rules for *amici* state:

> An *amicus curiae* brief that brings to the attention of
> the Court relevant matter not already brought to its

3

> attention by the parties may be of considerable help to the Court. An *amicus curiae* brief that does not serve this purpose burdens the Court, and its fling is not favored.

Sup. Ct. R. 37.1.

Here, the AHLA argues that the outcome of this case has implications for the hotel and hospitality industry because "many hotels share common owners among individual hotel properties, yet ownership in each property is held by a unique special purpose legal entity." [Doc. 37-1]. However, the Court's decision in this case is confined to the administrative record before it, and not hypothetical harm cautioned by third parties. The AHLA has not cited any examples of distinct entities being denied loan forgiveness under the interim final rule at issue in this case and does not refute that such an entity would be entitled to challenge such a denial under those circumstances. Instead, the AHLA asks this Court to consider abstract scenarios that materially differ from the facts before it in this case.

Furthermore, the AHLA largely repeats the same arguments against the rule as the Plaintiffs already have and does not bring any additional relevant matter to the attention of the Court. For all these reasons, and in the exercise of its discretion, the Court denies the AHLA's Motion for Leave to File *Amicus Curiae* Brief.

4

## III.   CONCLUSION

In its discretion, the Court finds that the AHLA's proposed amicus brief is not helpful to the Court in this case and presents issues not relevant to the record before this Court.  Accordingly, the motion is denied.

## ORDER

**IT IS THEREFORE ORDERED** that the American Hotel & Lodging Association's Motion for Leave to File *Amicus Curiae Brief* [Doc. 37] is **DENIED.**

**IT IS FURTHER ORDERED** that the Defendants' Motion for Leave to File a Response to Brief of the American Hotel & Lodging Association as *Amicus Curiae* [Doc. 39] is **DENIED AS MOOT.**

**IT IS SO ORDERED.**

Signed: May 1, 2024

Martin Reidinger
Chief United States District Judge