IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| ACCORDIUS HEALTH AT ASHEVILLE LLC, <br><br> Plaintiff, <br><br> vs. <br><br> UNITED STATES SMALL BUSINESS ADMINISTRATION, et al., <br><br> Defendants. | No. 1:23-cv-00129-MR <br><br> **PLAINTIFFS' SUPPLEMENTAL BRIEF IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT** |

Pursuant to this Court's July 1, 2024 Order, Plaintiffs respectfully submit this supplemental brief addressing the impact of the Supreme Court's ruling in *Loper Bright Enterprises v. Raimondo*, No. 22-451, and *Relentless Inc., v. Dept. of Commerce*, No. 22-1219, 2024 WL 3208360 (June 28, 2024) ("*Loper*"). *Loper* created a sea change in litigation under the Administrative Procedure Act (the "APA"), and its impact on this case in particular cannot be overstated. While Defendants attempt to downplay *Loper*'s impact in their Notice of Withdrawal of Alternative Argument (Doc. 45), they correctly note that *Loper* overruled *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837 (1984), a case (with its progeny) on which Defendants relied heavily in their briefing in this case.

Without *Chevron*, and the agency deference it created, Defendants cannot prevail. *Chevron* is the first case they cite in the argument section of their summary

judgment motion and, whether they cite directly to *Chevron* or not, many of the arguments in Defendants' summary judgment briefing are framed through the *Chevron* deference lens. (Doc. 35, pp. 11-12.)

In *Loper*, the Supreme Court evaluated "*Chevron* deference" that "sometimes required courts to defer to 'permissible' agency interpretations of the statutes those agencies administer—even when a reviewing court reads the statute differently." *Loper*, 2024 WL 3208360, at *1. The Supreme Court held that "[c]ourts must exercise their ***independent judgment*** in deciding whether an agency has acted within its statutory authority, as the APA requires." *Id*. at *22 (emphasis added). Courts are not bound by agency interpretation because "interpretation of the meaning of statutes [is] exclusively a judicial function." *Id*. at *1 (quoting *United States v. Am. Trucking Assns.*, 310 U.S. 534, 140). Following *Loper*, Defendants' arguments based on *Chevron* and its progeny must be disregarded.

As a result, all that remains here is Plaintiffs' arguments that they are entitled to judgment in their favor because (1) the CARES Act explicitly limited PPP loan amounts to $10 million to all qualifying entities (not the conflicting lower amount under the Corporate Group Rule); (2) SBA violated its rulemaking duties in promulgating IFR #7 by proceeding without a notice and comment period; and, even if IFR #7 were otherwise valid, (3) SBA incorrectly applied it in this case.

2

When Defendants' counterarguments are assessed without the benefit of *Chevron* deference, the unavoidable outcome is that Plaintiffs' summary judgment motion should be granted, and Defendants' summary judgment motion denied. In short, *Loper* allows—indeed requires—this Court to utilize ordinary rules of statutory construction to assess the parties' arguments here, without deference to Defendants' preferred interpretation. And those rules mandate striking down IFR #7 or, at a minimum, holding that its application to Plaintiffs is impermissible.[1]

Respectfully submitted,

*/s/ Kirk G. Warner*
Kirk G. Warner
N.C. State Bar No. 16238
kwarner@smithlaw.com
SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.
Post Office Box 2611
Raleigh, North Carolina 27602-2611
(919) 821-1220/Fax: (919) 821-6800

LR 83.1 Counsel
Joshua A. Klarfeld
(admitted pro hac vice)
Ohio State Bar No.(0079833)
jklarfeld@ubglaw.com
UB GREENSFELDER LLP
Cleveland, Ohio 44113-1406
(216) 583-7000/ Fax: (216) 583-7001

*Attorneys for Plaintiff*

---

[1] Plaintiffs do not read the Court's Order requesting supplemental briefing to invite re-argument of the merits of their prior briefing. Accordingly, they simply stand on their prior arguments and their rebuttals of Defendants' summary judgment position to the extent Defendants' arguments are not negated in their entirety by *Loper*.

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of July 2024 a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the ECF system. Parties may access this filing through the Court's system.

>  */s/ Kirk G. Warner*
>  *Attorney for Plaintiff*

4

Case 1:23-cv-00129-MR   Document 46   Filed 07/12/24   Page 4 of 4