IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:23-CV-00129-MR

ACCORDIUS HEALTH AT ASHEVILLE, LLC,

    Plaintiff,

v.

UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*,

    Defendants.

## DEFENDANTS' SUPPLEMENTAL BRIEF UNDER COURT'S ORDER OF JULY 1, 2024

This Court ordered on July 1, 2024 supplemental briefing on *Loper Bright Enterprises v. Raimondo*, 144 S. Ct. 2244 (2024), which overruled *Chevron U. S. A. Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). The next day, Defendants withdrew via a notice (Dkt. 45) the portion of their summary judgment brief (Dkt. 35) ("Defs. Br.") that had contended, as an alternative argument, that if this Court were to find the relevant statutory provisions ambiguous, the denials of PPP loan forgiveness challenged here would remain valid, because the application of the Corporate Group Rule to Plaintiffs underlying those denials reflects a reasonable interpretation of any such ambiguity under the second step of *Chevron*.

1

Importantly, that notice explained that Defendants continue to rely on the "plain terms" of the CARES Act and the U.S. Small Business Administration's pre-existing authorities under § 7(a).*

Plaintiffs nevertheless contend in their supplemental brief that "[w]ithout *Chevron*, and the agency deference it created, Defendants cannot prevail." Dkt. 46 at 1 (July 12, 2024). That contention is incorrect, because (1) it neglects the text of the operative statutes, and (2) it overlooks key lessons from *Loper Bright*.

*First*, as Defendants explained, SBA's authority to adopt the Corporate Group Rule is set forth in the plain terms of the statutes on which SBA relied. *See, e.g.*, Defs. Br. 12-15 (discussing §§ 636(a)(36)(B) and (E), § 9012, and § 634(b)(7)). Hence, the text of the CARES Act itself and the § 7(a) provisions to which the PPP is subject warrant rejection of Plaintiffs' statutory contentions. And, at any rate, the appropriate inference from the subsequently enacted Economic Aid Act is that Congress ratified the Corporate Group Rule. *See* Defs. Br. 21-22.

*Second*, for its part, although *Loper Bright* overruled *Chevron*, the Court reaffirmed that agencies may be "authorized to exercise a degree of discretion" in implementing statutes, albeit subject to a reviewing court's ultimate obligation to "exercise independent judgment in determining the meaning of statutory

---

* Internal citations and quotation marks are omitted throughout this supplemental brief unless noted.

provisions." *Loper Bright*, 144 S. Ct. at 2262-63; *see also id.* ("courts may . . . seek aid from the interpretations" of the agency, which "'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance' consistent with the" Administrative Procedure Act. (quoting *Skidmore v. Swift & Co.*, 323 U.S. 134, 140 (1944)). "In a case involving an agency, of course," the Court clarified, "the statute's meaning may well be that the agency is authorized to exercise a degree of discretion. *Congress has often enacted such statutes*. For example, some statutes . . . empower an agency to prescribe rules to 'fill up the details' of a statutory scheme, or to regulate subject to the limits imposed by a term or phrase that 'leaves agencies with flexibility,' such as 'appropriate' or 'reasonable.'" 144 S. Ct. at 2263 (emphasis added).

In that regard, SBA "is authorized to exercise a degree of discretion" in implementing the PPP because the statutes at issue here "empower" SBA to "fill up the details of" the "statutory scheme" and also use broad language that confers "flexibility." *See id.* In particular, SBA is expressly authorized in the CARES Act to make rules to implement the PPP, which is also subject to SBA's pre-existing rulemaking authorities under § 7(a). *See, e.g.*, Defs.' Br. 14 (CARES Act "conferred on SBA ample discretion to exercise its rulemaking authority under 15 U.S.C. § 9012 to set a lower aggregate ceiling for borrowers constituting a single corporate group"). Those statutes use empowering language affording SBA considerable flexibility.

3

*See* Defs. Br. 14-15 ("§ 634(b)(7) vests SBA with authority to 'take any and all actions' it '*determines . . . are necessary or desirable* in making . . . or otherwise dealing with' § 7(a) loans, which include loans made under the PPP" and in that provision "Congress adopted a standard that 'fairly exudes deference' to the agency") (quoting *Webster v. Doe*, 486 U.S. 592, 600 (1988)) (emphasis added).

Indeed, the provisions undergirding the Corporate Group Rule are comparable to those the Court in *Loper Bright* recognized as conferring discretion on the agency. *See* 144 S. Ct. at 2263 & n.6 (quoting, as an example of a statute that allows an agency to "regulate subject to the limits imposed by a term or phrase that 'leaves agencies with flexibility,'" 42 U.S.C. § 7412(n)(1)(A), which the Court described as "directing" Environmental Protection Agency "to regulate power plants 'if the Administrator finds such regulation is *appropriate and necessary*'") (emphasis added).

Where, as here, "the best reading of a statute is that it delegates discretionary authority to an agency," *Loper Bright* explains that "the role of the reviewing court under the APA is, as always, to independently interpret the statute and effectuate the will of Congress subject to constitutional limits." *Id.* at 2263; *see id.* at 2273 ("when a particular statute delegates authority to an agency consistent with constitutional limits, courts must respect the delegation, while ensuring that the agency acts within it"). And, again, in "exercising such judgment," "courts may . . . seek aid from the

4

interpretations of those responsible for implementing particular statutes." *Id.* at 2262.

Thus, the explanation of SBA's statutory authorities in Defendants' summary judgment brief remains correct (insofar as not withdrawn). And *Loper Bright*'s reasoning comports with the conclusion that the pertinent statutes on which SBA has relied authorize it "to exercise a degree of discretion," *Loper Bright*, 144 S. Ct. at 2263, which SBA here properly exercised, *see* Defs. Br. 14-15. Hence, granting summary judgment to Defendants accords with *Loper Bright*.

Respectfully submitted, this the 18th day of July, 2024,

| | |
|---|---|
| DENA J. KING<br>UNITED STATES ATTORNEY | BRIAN M. BOYNTON<br>Principal Deputy Ass't Attorney General |
| s/Gill P. Beck<br>GILL P. BECK<br>Assistant United States Attorney<br>Chief, Civil Division<br>N.C. Bar No. 13175<br>Room 233, US Courthouse<br>100 Otis Street<br>Asheville, NC 28801<br>Telephone: 828-271-4661<br>Fax: 828-271-4327<br>E-Mail: gill.beck@usdoj.gov | BRIAN D. NETTER<br>Deputy Assistant Attorney General<br><br>JOSEPH E. BORSON<br>Assistant Branch Director<br><br>s/Indraneel Sur<br>INDRANEEL SUR (DC No. 978017)<br>Senior Counsel<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>P.O. Box 883, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: 202-616-8488<br>Fax: 202-616-8470<br>E-mail: indraneel.sur@usdoj.gov<br><br>*Counsel for Defendants* |

## Certification Under Standing Order Published June 27, 2024

Pursuant to the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 18th day of July, 2024.

                                      s/Indraneel Sur
                                      INDRANEEL SUR (DC No. 978017)
                                      Senior Counsel
                                      United States Department of Justice
                                      Civil Division, Federal Programs Branch