IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:23-CV-00129-MR

| | |
|---|---|
| ACCORDIUS HEALTH AT ASHEVILLE, LLC, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) ) |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, *et al.*, | ) ) ) ) ) |
| Defendants. | ) ) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

The Honorable Georgia N. Alexakis, United States District Judge for the Northern District of Illinois, granted summary judgment to the Government defendants and denied summary judgment to the PPP borrower plaintiff in *Forest View Rehabilitation & Nursing Center, LLC v. U.S. Small Business Administration*, No. 24-cv-1490, 2024 WL 5247837 (N.D. Ill. Dec. 30, 2024). The decision, a copy of which is attached, is persuasive authority pertinent to this action challenging the Corporate Group Rule, as the decision concluded that "the SBA acted within its statutory authority when enacting the Corporate Group Rule," 2024 WL 5247837 at *9, and that "SBA's promulgation of the Corporate Group Rule was not arbitrary

1

and capricious," *id*. at *11. Defendants have raised those arguments in this action. Defs. Br. 12-15 (Dkt. 35). (Although the District Court determined in *Forest View* that SBA validly issued the Corporate Group Rule, that court rejected the alternative contention that the EAA is subsequent legislation that ratified the Rule because the court could not discern a "judicial consensus" on that point. 2024 WL 5247837 at *9 n.2. Defendants respectfully disagree with that part of the opinion in *Forest View*, which overlooks that a "judicial consensus" is not necessarily required for the ratification inference to be properly drawn from a statute enacted after an agency interpretation issues. Defs. Br. 21-22.)

The District Court further determined that the agency validly applied the Corporate Group Rule to the borrower plaintiff based on the agency conclusion that "for purposes of the Corporate Group Rule" there was a relevant *de facto* "partnership . . . subject to the $20 million corporate group limit," 2024 WL 5247837 at *13, also consistent with Defendants' arguments in this action, Defs. Br. 25-32.

Respectfully submitted, this the 14th day of January, 2025,

| | |
|---|---|
| DENA J. KING<br>UNITED STATES ATTORNEY | BRIAN M. BOYNTON<br>Principal Deputy Ass't Attorney General |
| s/Gill P. Beck<br>GILL P. BECK<br>Assistant United States Attorney<br>Chief, Civil Division<br>N.C. Bar No. 13175<br>Room 233, US Courthouse<br>100 Otis Street<br>Asheville, NC 28801<br>Telephone: 828-271-4661<br>Fax: 828-271-4327<br>E-Mail: gill.beck@usdoj.gov | BRIAN D. NETTER<br>Deputy Assistant Attorney General<br><br>JOSEPH E. BORSON<br>Assistant Branch Director<br><br>s/Indraneel Sur<br>INDRANEEL SUR (DC No. 978017)<br>Senior Counsel<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>P.O. Box 883, Ben Franklin Station<br>Washington, D.C. 20044<br>Telephone: 202-616-8488<br>Fax: 202-616-8470<br>E-mail: indraneel.sur@usdoj.gov<br><br>*Counsel for Defendants* |

**Certification Under Standing Order Published June 27, 2024**

  Pursuant to the Standing Order of this Court entered June 18, 2024 and published to the Bar of the Western District on June 27, 2024, the undersigned hereby certifies:

  1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg;

  2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

  This the 14th day of January 2025.

            s/Indraneel Sur
            INDRANEEL SUR (DC No. 978017)
            Senior Counsel
            United States Department of Justice
            Civil Division, Federal Programs Branch