IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
No. 1:23-cv-00129-MR

| | |
|---|---|
| ACCORDIUS HEALTH AT ASHEVILLE LLC, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, et al., | ) ) ) |
| Defendants. | ) ) ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs submit this response to Defendants' Notice of Supplemental Authority filed on January 14, 2025 (Doc. 49), in which Defendants alerted the Court to another court's recent decision in *Forest View Rehabilitation v. The United States Small Business Administration*, 2024 WL 5247837 (N.D. Ill. Dec. 30, 2024). In addition to that decision running contrary to generations of corporate law and to the authority Congress granted the SBA (for the reasons explained in Plaintiffs' summary judgment briefing in this case), it is not even persuasive here because it is based on a different factual record.

In *Forest View*, the court determined that the plaintiff was part of a "corporate group" within the meaning of the "Corporate Group Rule" of IFR #7 because it was ***owned by a partnership of an individual and a business*** that together owned 100% of the plaintiff. *See Forest View*, 2024 WL 5247837, at \*12. Thus, according to the

court, the plaintiff had a "common parent" consisting of "the partnership." *See id.*[1]

Here, Defendants have ***admitted*** that each plaintiff "is owned in equal measure...***by two individuals***," ***not*** by some supposed partnership (*de facto* or otherwise) (Defendants' Motion and Opp., p. 8 (Doc. 35).) Thus, even if the court in *Forest View* is correct that the Corporate Group Rule could apply to an individual and a company that are deemed a *de facto* partnership – an outcome Plaintiffs dispute for the reasons already addressed in their summary judgment briefing – that still should not affect this case's outcome, where Defendants do not contend that the so-called *de facto* partnership actually is any Plaintiff's parent.

Respectfully submitted, this the 16th day of January, 2025.

*/s/ Kirk G. Warner*
Kirk G. Warner (N.C. Bar No. 16238)
kwarner@smithlaw.com
SMITH, ANDERSON, BLOUNT, DORSETT,
MITCHELL & JERNIGAN, L.L.P.
Post Office Box 2611
Raleigh, North Carolina 27602-2611
Ph: (919) 821-1220; Fax: (919) 821-6800
*LR 83.1 Counsel*

Joshua A. Klarfeld (Ohio Bar No. 0079833)
(*admitted pro hac vice*)
jklarfeld@ubglaw.com
UB GREENSFELDER LLP
Cleveland, Ohio 44113-1406
Ph: (216) 583-7000; Fax: (216) 583-7001
*Attorneys for Plaintiffs*

---

[1] Of course, in any limited liability company or partnership, the ownership percentage of the members or partners will always equal 100%.

2

Case 1:23-cv-00129-MR    Document 50    Filed 01/16/25    Page 2 of 3

# ARTIFICIAL INTELLIGENCE CERTIFICATION

I hereby certify that no artificial intelligence was employed in doing the research for preparation of this document, with the exception of such artificial intelligence imbedded in the standard online legal research resources Westlaw, Lexus, FastCase, and Bloomberg. I further certify that every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or paralegal working at his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

This the 16th day of January, 2025.

>  */s/ Kirk G. Warner*
> Kirk G. Warner
> N.C. State Bar No. 16238
> kwarner@smithlaw.com
> SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.
> Post Office Box 2611
> Raleigh, North Carolina 27602-2611
> Phone: (919) 821-1220
> Fax: (919) 821-6800
> *LR 83.1 Counsel*
>
> *Attorneys for Plaintiffs*