IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| ACCORDIUS HEALTH AT ASHEVILLE LLC, | ) No. 1:23-cv-00129-MR |
| Plaintiff, | ) |
| vs. | ) |
| UNITED STATES SMALL BUSINESS ADMINISTRATION, et al., | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS'
NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs hereby respond to Defendants' Notice of Supplemental Authority (Doc. 52) concerning *35 State Street Hotel Partners, LLC v. Loeffler*, No. 24-cv-747, 2025 WL 870535 (D.D.C. March 20, 2025). Defendants are correct that *35 State Street* is persuasive, but only to the extent it supports Plaintiffs' argument for summary judgment.

In *35 State Street* the court **granted** the plaintiff's summary judgment motion and denied the defendants' cross-motion. The court ruled in the plaintiff's favor because, at the agency level, SBA had failed to "explain why the [plaintiff's] receipt of a loan in excess of the corporate group rule [applicable in that case] rendered the [plaintiff] ineligible for loan forgiveness." *35 State Street*, 2025 WL 870535, * 11. As here, SBA's analysis was limited to a statement that "the [plaintiff] was 'part of

1

a corporate group that received more than" the maximum amount permitted under the applicable corporate group rule and the other "affiliates" of the plaintiff had their loans "forgiven before the [plaintiff's] such that the corporate group had already reached the" maximum. *Id*. That explanation was insufficient:

> That reasoning may have been well and good if SBA's decision was limited to a determination that the [plaintiff] violated the [Corporate Group] Rule. The problem is that the SBA's ultimate decision was that the [plaintiff] was ineligible for loan forgiveness. In so deciding, SBA started and stopped with the [Corporate Group] Rule. ***It never explained why the [plaintiff's] violation of that Rule made the [plaintiff] ineligible for loan forgiveness.*** SBA simply jumped [from] the conclusion that the [plaintiff] violated the [Corporate Group] Rule to the conclusion to deny loan forgiveness….But the APA requires that an agency give the Court [t]hat connective tissue.

*Id*. (emphasis added; internal quotations and citations omitted). The court continued:

> By its terms, the [Corporate Group] Rule simply limited the amount the members of a single corporate group could receive….It had nothing to do with loan <u>forgiveness</u> on the back end, which is the relevant issue here. It didn't state that a loan recipient's violation of the Rule would make it ineligible for a loan.

*Id.* (emphasis in original).

SBA's explanation here is substantively identical to the explanation it offered in *35 State Street*. The substance of the explanations from each case are presented in Appendix A, below. If for no reason other than the analysis the court offered in *35 State Street*, summary judgment in Plaintiffs' favor here is warranted.

To the extent SBA believes any other aspect of *35 State Street* provides persuasive authority here, it is mistaken for at least three reasons:

2

***First,*** in *35 State Street* no party offered any argument about the timeliness of the Corporate Group Rule at issue in that case (which, incidentally, is not the same Rule at issue here).[1] Nor did the court address that issue *sua sponte*. Therefore, nothing about *35 State Street* provides any authority – persuasive or otherwise – on that issue here, which is squarely before this Court.

***Second***, in *35 State Street* neither party argued that an *individual* does not meet the definition of "parent," which is at the heart of Plaintiffs' argument here. And, again, the court did not address that issue *sua sponte* either. Thus, nothing about *35 State Street* provides any authority – persuasive or otherwise – on whether "parent" means "corporate parent" for the reasons Plaintiffs have argued here (including the definition of that term elsewhere), or whether it means something else.

***Third,*** in *35 State Street* the plaintiff did, in fact, share a majority owner that owned more than 50% of the affiliated entities. *See 35 State Street Hotel Partners*, 2025 WL 870535, at *1. Here, no one entity (or even an individual, even if that were valid) owns more than 50% of any of the Plaintiffs or their affiliates and, accordingly, there is no majority owner pursuant to the Corporate Group Rule.

Other than the court's analysis of the insufficiency of SBA's explanation of

---

[1] The Corporate Group Rule at issue in *35 State Street* (the so-called Second Corporate Group Rule) is codified at 86 Fed. Reg. 3712, with an effective date of January 14, 2021. It was enacted under the Economic Aid Act. The Corporate Group Rule at issue here (the First Corporate Group Rule) is codified at 85 Fed. Reg. 26324, with an effective date of May 4, 2020. It was enacted under the CARES Act.

3

its rationale at the agency level – which is squarely on point with the issues before this Court – the remainder of *35 State Street* bears no resemblance to the issues presented here.

>Respectfully submitted,
>
>*/s/ Kirk G. Warner*
>Kirk G. Warner
>N.C. State Bar No. 16238
>kwarner@smithlaw.com
>SMITH, ANDERSON, BLOUNT, DORSETT, MITCHELL & JERNIGAN, L.L.P.
>Post Office Box 2611
>Raleigh, North Carolina 27602-2611
>(919) 821-1220/Fax: (919) 821-6800
>
>LR 83.1 Counsel
>Joshua A. Klarfeld
>(admitted pro hac vice)
>Ohio State Bar No. 0079833
>jklarfeld@ubglaw.com
>UB GREENSFELDER LLP
>Cleveland, Ohio 44113-1406
>(216) 583-7000/ Fax: (216) 583-7001
>
>*Attorneys for Plaintiffs*

# APPENDIX A

The substance of SBA's decision in *35 State Street* was as follows:

> SBA has determined that the borrower was ineligible for the PPP loan amount. The reason(s) for SBA's decision is as follows:
>
> After a review of the documentation provided, the SBA concludes that the Borrower business, together with its affiliates, has received more than $4,000,000 of 2nd draw PPP loans in the aggregate.
>
> It is verified that the owners of the borrowing entity 35 STATE STREET HOTEL PARTNERS, LLC have ownership and/or leadership in a total of 3 affiliated entities with a total loan amount of $6MM, which exceeds the PPP Second Draw Size Standard of $4MM. Each of the three entities received a 2nd draw PPP loan in the amount of $2MM. The first of the three $2MM loans was funded February 5, 2021 and is eligible for full forgiveness. The remaining two loans of $2MM each funded on the same day, February 16th, 2021, exceeding the $4MM aggregate threshold and thereby rendering both loans ineligible.

(*35 State Street*, D.D.C. Case No. 1:24-cv-747, Doc. 30-1, page 1 of 92.)

The substance of SBA's decisions here – issued in identical form in each underlying case – was as follows:

> SBA has determined that the borrower was ineligible for the PPP loan amount received. The reason(s) for SBA's decision is as follows:
>
> After a review of the documentation provided, the SBA concludes that the Borrower business which is part of a corporate group has received more than $20,000,000 of First Draw PPP loans in the aggregate.
>
> Ownership by Naftali Zanziper and Simcha Hyman comprise of one single corporate group, Naftali Simcha et al, consisting of 343 entities, of which 84 entities received First Draw PPP loans totaling $44,983,180.44. The 84 entities meet SBA's alternative size standard and were eligible for PPP funding.
>
> However, of the 84 loans within the Naftali Simcha et al corporate group 48 First Draw loans exceed the limitation of $20,000,000 in aggregate to a single corporate group and were disbursed after April 30, 2020. Therefore,
>
> the Borrowers of these 48 First Draw loans do not meet eligibility requirements for forgiveness of the Paycheck Protection Program Loan.

(Doc. 24-4, pp. 11-12.)

5

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of March 2025 a true and correct copy of the foregoing document was electronically filed with the Clerk of Court using the ECF system. Parties may access this filing through the Court's system.

*/s/ Kirk G. Warner*
*Attorney for Plaintiff*